UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CR-0131-CVE |
| ) | (05-CV-0303-CVE-PJC) |
| DAVID ALBERTO GONZALEZ, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On June 2, 2005, defendant David Alberto Gonzalez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 23). Defendant alleges that he received ineffective assistance of counsel because his counsel failed to object to and appeal unconstitutional sentencing enhancements following his conviction. Defendant cites Apprendi v. New Jersey, 530 U.S. 466 (2000), in support of his claim. For the reasons discussed below, the Court finds defendant's motion shall be dismissed with prejudice as barred by the one-year statute of limitations.

**I.**

The Court's records reflect that on December 10, 2003, defendant pled guilty to Count One of the indictment for possession of a firearm after a former felony conviction. Dkt. ## 14, 15. The plea of guilty was not based on a plea agreement with the government. On March 3, 2004, the Court sentenced defendant to a term of imprisonment of 78 months and 3 years of supervised release. Dkt. # 19. Judgment was entered on March 5, 2004. Dkt. # 20. Defendant did not appeal his conviction or sentence to the Tenth Circuit Court of Appeals.

Defendant filed a § 2255 motion to vacate, set aside or correct his sentence on June 2, 2005. Even though his motion facially appears to be untimely under the one-year statute of limitations, he alleges that his motion is timely based on <u>Clay v. United States</u>, 537 U.S. 522 (2003). As a substantive basis for relief, defendant argues that at the time he pled guilty he was not on notice his sentence could be enhanced based on facts determined only by the Court. He states that he would not have pled guilty if he had known that his offense level could be increased by 6 points without submission of those facts to a jury.

**II.**

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant argues that his claim is timely based on <u>Clay</u>. In <u>Clay</u>, the Supreme Court held that, when a defendant takes an unsuccessful direct appeal from a judgment of conviction, but does not petition for a writ of certiorari from the Supreme Court, the judgment becomes final, for

purposes of determining the one-year time limitation for filing a § 2255 motion, on the date when the time for filing a petition for certiorari expires. Clay, 537 U.S. at 524. The Court's holding in Clay was narrow and it applies only to instances where the defendant files a direct appeal. Thus, Clay is inapplicable to this case, where defendant did not file a direct appeal after the Court entered judgment. United States v. Prows, 448 F.3d 1223, 1227-28 ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). In this case, defendant's conviction became final on March 19, 2004, or ten (10) days after entry of his judgment when his time for appeal expired. Fed. R. App. P. 4(b)(1)(A)(i); United States v. Burch, 202 F.3d 1274, 1278-79 (10th Cir. 2000). Therefore, defendant had until March 19, 2005, to file a timely § 2255 motion. As noted above, the instant motion was not filed until June 2, 2005 and is therefore untimely.

In addition, defendant has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling of the limitations period. See United States v. Willis, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The habeas petitioner must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d at 978. In this case, defendant has not provided an explanation for his lack of diligence. The Court finds no basis for extending the limitations period applicable to the claims raised in defendant's motion.

In summary, the Court finds that because defendant filed his § 2255 motion after the one-year time limitation, his motion is time-barred and should be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that defendant's 28 U.S.C. § 2255 motion (Dkt. # 23) is **dismissed with prejudice** as barred by the statute of limitations. A separate judgment is entered herewith.

**DATED** this 8th day of June, 2007.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE